1  Ronda Baldwin-Kennedy, Esq. (SB #302813)
   **LAW OFFICE OF RONDA BALDWIN-KENNEDY**
2  5627 Kanan Rd. #614
   Agoura Hills, CA 91301
3  Phone: (951) 268-8977
   Fax: (702) 974-0147
4  Email: ronda@lorbk.com

5  Attorneys for Plaintiffs

6

## UNITED STATES DISTRICT COURT

7

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

8

9  Alkiviades David, an individual;              Case No.

10              Plaintiffs,

11       vs.                                      **COMPLAINT FOR INJUNCTIVE**
                                                  **AND DECLARATORY RELIEF**
12  Gloria Allred, Esq., an individual, Lauren
    Reeves, an individual, and DOES 1-100

13

14              Defendants.

15

16

17

18

19       Plaintiff Alkiviades David, *et al.* ("Plaintiff"), by and through counsel

20  of record, bring this complaint for injunctive and declaratory relief against

21  the named Defendants, and allege as follows:

//

# INTRODUCTION

The Constitution states command twice, the guarantee of requirement of due process. The genesis of the fundamental right to due process found in the United States Constitution is as follows: the Fifth Amendment stipulates that according to the federal government, no one shall be "deprived of life, liberty or property without due process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states, which includes California as well as the counties and municipalities incorporated therein. Section One of the Fourteenth Amendment to the United States Constitution states in the relevant part." …[N] or shall any State deprive any person of life, liberty, or property, without due process of law…." These words have as their central promise an assurance that all levels of American government must operate within the law ('legality") and provide fair procedures.

The U.S. Supreme Court has published many opinions on this issue and has arrived at the conclusion that both procedural and substantive due process embody a person's right to be provided "notice" and "an opportunity

1    to be heard" regarding all issues in dispute. Such a requirement provides that

2    notice must be in advance so that one is given the opportunity to speak up to

3    be heard prior to any other action taken. In the U.S. Supreme Court case of

4    *Granis v Ordean (1914) 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363[234 U.S.*

5    *385]*, the Court stated, "The fundamental requisite of due process of law is

6    the opportunity to be heard. Plaintiff contends that, if he had been "heard,"

7    by the Court as well as by the State Bar of California, the merits of his case

8    would have prevailed.

9    **California Constitution Article 1- Declaration of Rights:**

10    Section 1. "All people are by nature free and independent and have

11    inalienable rights. Among these are enjoying and defending life and liberty,

12    acquiring, possessing, and protecting property, and pursuing and obtaining

13    safety, happiness, and privacy." Section 7. (a) "A person may not be deprived

14    of life, liberty, or property without due process of law or denied equal

15    protection of the laws;"

16    Section 13. The right of the people to be secure in their persons,

17    houses, papers, and effects against unreasonable seizures and searches may

18    not be violated;"

19    Under both the U.S. Constitution and the California Constitution

20    Plaintiff Alkiviades David has unalienable due process rights. Under both

21

the Fifth and fourteenth Amendment of the U.S. Constitution and Under section 1, 7, and 13 of the California Constitution. Plaintiff David  was denied due process in the trial in the California Superior Court case BC643099. The Plaintiff Lauran Reeves in those court proceedings, through her attorney Gloria Allred obtained the services of Tom Girardi who was latter named the "Fixer" when it came to securing a judge.  The Los Angeles Times article reported that Tom Girardi had a secretive world of private judges.  https://www.latimes.com/california/story/2022-08-04/tom-girardi-erika-corruption-private-judgesThere is an ongoing investigation into the corrupt world of Tom Girardi his network of lawyers and judges.  Any case where Tom Girardi has any connection should be stayed until the conclusion of the investigation.

## PARTIES

Plaintiff Alkiviades, is a natural person, a resident of California and a citizen of the United Kingdom.

Defendants Gloria Allred, Esq., is a natural person, a resident of California and  Lauren Reeves, is a natural person, whose residence is unknown.

## JURISDICTION AND VENUE

This Court has jurisdiction over all claims for relief pursuant to

U.S.C. § 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988, as this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of California, and of the rights, privileges or immunities secured by the United States Constitution.

Venue lies in this Court under 28 U.S.C. § 1391, as the events giving rise to Plaintiffs' causes of action arose or exist in this District in which the action is brought.

### STATEMENT OF FACTS COMMON TO ALL CLAIMS

In 2019, Lauren Reeves, represented by Attorney Gloria Allred, sued Plaintiff David and Plaintiffs Hologram USA and Alki David Productions, LASC Case No. BC643099, for sexual battery and sexual harassment. Attorney Allred's partners, Nathan Goldberg and Dolores Y. Leal of the Attorney Allred's firm, Allred, Maroko & Goldberg, represented Reeves, who worked as a comedy writer for Plaintiff Hologram USA.

On April 15, 2020, Judgment for Plaintiff Lauren Reeves was entered against the corporate defendants Hologram USA, Inc., Alki David Productions, Inc., FilmOn TV in the amount of $650,000 for compensatory damages. A punitive damages award in the amount of $4.35 million was entered against Defendant Alkiviades David. Lauren

Reeves v. Hologram USA, Inc., Alki David productions, Inc., FilmOn, TV., Civ. No. BC643099, Superior Court of Los Angeles County, Stanley Mosk Courthouse.

Reeves later agreed to a reduction in her compensatory award in the amount of $445,000 because Los Angeles Superior Court Judge Rafael Ongkeko found the amount of out-of-pocket damages awarded to Reeves was excessive.

Plaintiffs respectfully submit that the court proceedings were conducted contrary to the fundamental principles of due process and fairness to which every Defendant is entitled. Specifically, it has now been publicly revealed that the State Bar of California has entirely failed to investigate bar complaints against Thomas V. Girardi and those closely connected to him, including Attorney Gloria Allred.

Defendant Alki David has *four times* sought to have the State Bar of California address his legitimate claims concerning the egregious and unethical conduct of attorney Allred and her partners. *See* Exhibit1 (Plaintiff David's Correspondence with Leah Wilson, the Executive Director of The State Bar of California and the three prior complaints that Plaintiff David sent to the State Bar of California.).

On June 19, 2022, David sent Leah Wilson, the Executive Director of The State Bar of California, an email concerning the State Bar's *entire failure* to address the merits of any of his three prior complaints. *See Exhibit 1.* He did so after it was revealed that the State Bar had failed to investigate attorney misconduct (Exhibit 1).

Ms. Wilson, who apparently had not even read the attachments sent to her, by David consisting of the three prior bar complaints filed by David, responded on June 25, 2022 asking "have you considered filing a complaint against Ms. Allred or Ms. Bloom?"  (Exhibit 2)

Ms. Wilson's cursory response to Plaintiff David, inquiring whether he has considered filing complaints against Attorneys Allred and Bloom manifestly reveal that it is palpably obvious that The State Bar of California has entirely failed to investigate pending claims against Attorney Allred and her partners.

*However, just as incredible* is the fact that it is public record that the State Bar has failed to investigate many complaints.  The press has widely reported that The State Bar of California *has failed to effectively discipline* corrupt attorneys, allowing lawyers to repeatedly violate professional standards and harm members of the public, according to a

long-awaited audit of the agency).

*https://www.latimes.com/california/story/2022-04-14/california-state-bar-failed-stop-corrupt-attorneys-tom-girardi-audit*. *See also,*

*https://www.courthousenews.com/ex-california-state-bar-director-joe-dunn-facing-*

Recently, it has been revealed that Tom Girardi was involved with securing Judges to rule for a particular party in many cases. Tom Girardi was the "Fixer" of cases for a certain network of attorneys. On information and belief Defendant Gloria Allred is one of these attorneys for whom Tom Giradi fixed several cases including Defendants' case in this action.

This corruption was recently discovered and has been in the U.S. and global news as many articles are laying out the vast corruption. The matter is still being investigated and every day there is more corruption exposed. *See e.g.,*

https://www.reuters.com/legal/legalindustry/california-bar-wants-get-proactive-attorney-discipline-cases-2022-07-25; *See also,*

https://www.reuters.com/legal/legalindustry/california-bar-bungled-attorney-misconduct-cases-new-audit-finds-2022-04-14.

Clearly, Plaintiffs have been prejudiced by the State Bar of California's systematic negligence in addressing his complaints regarding

unethical and unlawful conduct by Attorneys Allred, Nathan Goldberg and members of their law firm. The State Bar complaint that Plaintiff David filed is Exhibit 3 hereto.

Clearly, Plaintiff was denied his constitutional right of due process. The violation of these rights are enforceable through the United States Federal Court system.  Specifically, as set forth in the ignored State Bar Complaint, Attorney Allred, Attorney Nathan Goldberg and their law firm partners in *Reeves,* and in inter-related cases, including *Mahim Khan v. Hologram USA, Inc., Alki David Productions, Inc., FilmOn TV, Inc., Alkiviades David,* Case No. BC 654017, switched exhibit and witness lists in those trials, and forged the signature of Ellyn Garofolo, counsel for Plaintiffs.

To clarify for the Court, Plaintiffs characterize those cases as "inter-related" because Plaintiff David, like many successful men, has been the victim of fallacious "me too" complaints asserted by his company's former employees.

Those plaintiffs who sued Plaintiff David and the Entity Plaintiffs colluded, conspired and contrived, with the guidance of their legal counsel, to fabricate fallacious claims against Alki David and his companies.

The Defendant's fraud upon the court has caused a deprivation of Plaintiff David's constitutional rights are not confined to the United States.

Indeed, Attorney Allred and her client, Lauren Reeves, attempted to illegally

enforce this judgment against Plaintiff David for punitive damages which are not collectible in Switzerland. Despite Defendants' being told by their Swiss attorney that punitive damages could not be collected in Switzerland they filed to enforce the judgment in Switzerland.

Throughout the entire, years-long campaign to obliterate Plaintiff David's reputation and bankrupt him and the Plaintiff Entities, Defendant Allred exceeded all respectable boundaries of advocacy, violated The Code of Ethics by which all attorneys must adhere. Further, she has exceeded the boundaries of the United States as well, maligning Defendant Alki's character and reputation in Switzerland.

In Switzerland, Defendant Allred wrongfully sought to enforce a non-final judgment against Plaintiff David *and his family*, none of whom were parties to any relevant litigation filed by Defendants' Attorneys, in *Mahim Kahn v. Alki David, et. al*, in violation of Swiss law.

Béatrice Stahel, of MC Avocats SA (Ltd.) in Gstaad, Switzerland, represents Plaintiff David in Switzerland with regard to these matters. Plaintiff David has filed criminal complaints in Switzerland against Reeves, alleging Reeves is guilty of willful defamation (art. 174 SCC) / defamation (art. 173 SCC). Reeves is represented by Attorney Defendant Allred. Stahel informs in an English translated letter that Allred has violated Swiss law.[4]

In Switzerland, Defendant Allred also wrongfully sought to enforce a non-final judgment against Plaintiff David *and his family*, none of whom were parties to any relevant litigation filed by Defendant Attorneys, in *Mahim Kahn v. Alki David, et. al*, in violation of Swiss law (Exhibit 4).

The Swiss courts rejected Allred's extraterritorial efforts to collect on the *Mahim Khan* judgment because appellate proceedings are ongoing in that case. Indeed, Defendant David and the named Entity Defendants in the *Mahim Khan* case have a Petition for Review pending before the California Supreme Court. *Mahim Khan v. Alkiviades David,* B305849, B3088727 that case remains under appeal and is pending before the California Supreme Court.

Defendant Allred's illegal actions in Switzerland have caused, and continue to cause, Plaintiff David extreme expense and have, and continue to cause, further damage to Plaintiff David's reputation as such filings are public record in Switzerland. Plaintiff David has gone to great expense to hire legal counsel to fight the criminal enterprise conducted by Defendant Allred and Defendant Bloom's continuous, wrongful spurious actions and defamatory actions.

Defendant Allred's corrupt, willful and intentional actions, constituting criminal acts under relevant Swiss law, were committed under

the auspices of an otherwise legitimate enterprise, Allred, Maroko & Goldberg.

Accordingly, pursuant to Rule 65(b), Federal Rules of Civil Procedure, and upon good cause, Plaintiffs respectfully seek injunctive relief and a temporary restraining order enjoining the enforcement of the Judgement entered in this case, BC643099 so as to preserve the status quo of the case, both here and in Switzerland, where Defendants Allred and Reeves, as well as their Swiss Counsel has defamed Plaintiff David in their efforts to collect.

Not only did the Defendants commit fraud upon the Court in California the Defendants also committed fraud upon the Swiss Courts. The Defendants told the Swiss Court David was "convicted of sexual assault" which is an out right lie. Indeed, David has never been convicted of any offense anywhere in the world.

Plaintiffs respectfully request injunctive relief under Federal Rule of Civil Procedure 65(b) which requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury,  loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition...."

Here, Plaintiff David and his family are in peril of having their real estate and other assets liquidated in Switzerland imminently and therefore Mr. David faces irreparable harm if injunctive relief is not granted.

Under Rule 65(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order only where he or she can "demonstrate immediate threatened injury." See, e.g., Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir.  13 1988) (emphasis in original). The party seeking the temporary restraining order or a preliminary injunction must prove the prerequisites by clear and convincing evidence. Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 441 (1974). 1

The standards for a restraining order are basically the same as for a preliminary injunction. While courts are given considerable discretion in deciding whether a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. See Sampson v. Murray, 415 U.S. 61 (1974); Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528 (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

In  the case of Martin v. Int'l Olympic Comm.,  740 F.2d 670, 674-675 (9th Cir. 1984), the Ninth Circuit stated that a party seeking preliminary injunctive relief must meet the  following test. a court may issue a preliminary injunction if it finds that: (1) the Plaintiffs will suffer irreparable

harm if injunctive relief is not granted, (2) the Plaintiffs will probably prevail on the merits, (3) in balancing the equities, the Defendants will not be harmed more than Plaintiffs are helped by the injunction, and (4) granting the injunction is in the public interest.

With the ongoing investigation of corruption surrounding the California judicial system involving many players in Mr. David's case, if an injunction is granted Defendants will not be harmed however David will suffer irreparable harm Defendants are attempting to take David's home in Switzerland where his elderly mother lives.

Granting this injunction would be in the public interest, The public has lost trust in our judicial system.  The exposure of the corruption buying of judges, fixing cases with no oversight from the State Bar it has caused the public to lose faith in our judicial system.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request A preliminary injunction restraining Defendants and their officers, agents, servants,

//

//

//

employees, and all persons in concert or participation with them who receive notice of the injunction, from enforcing Defendants' judgment in Switzerland.

Respectfully submitted this 19th day of August 2022

/s/ *Ronda Baldwin-Kennedy*

Ronda Baldwin-Kennedy

Attorneys for Plaintiffs

COMPLAINT FOR PRELIMINARY INJUNCTION