Murray B. Greenberg
Attorney-at-Law
527 San Vicente Blvd., Suite 402
Santa Monica, CA 90402
(310) 597-9865
mgreenbergethics@yahoo.com

April 29, 2020

STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL
INTAKE DEPARTMENT  845 SOUTH FIGUEROA STREET  LOS ANGELES, CA 90017


    I, Murray B. Greenberg, Esq. submit this complaint on behalf of Alkiviades ("Alki") David against attorneys Gloria Allred, Nathan Goldberg, Dolores Y. Leal and Renee Mochkatel based on their professional misconduct in the case held before Judge Michelle Williams Court in Los Angeles Superior Court, Central District Case No. BC654017 entitled MAHIM KHAN, Plaintiff v. HOLOGRAM USA, Inc,; ALKI DAVID PRODUCTIONS, INC.; FILMON TV, INC.; ALKIVIADES ("ALKI") DAVID, an individual; and DOES 1 through 25, Defendants

    The State Bar complaint form is attached to this letter submitting the complaint. Also appended to this letter is a statement by Mr. David authorizing me to act on his behalf in this complaint. There are several attachments that are pertinent to his matter. Please let me know if you have any difficulty opening them.

    This was a highly contentious lawsuit which involved allegations of battery and harassment against the defendant, Mr. David and associated companies. The above-named attorneys used dishonest means and violated their ethical responsibilities during the trial which hampered Mr. David's ability to properly mount a defense.

    The most egregious ethical breach involved the manipulation of a joint

exhibit list by plaintiff's attorneys which caused a doctored list to be filed with the court. As if this action was not serious enough, the plaintiff's attorneys also removed the signature page with defendant's attorney's (renowned litigator and trial attorney, Ellyn S. Garofalo) signature affixed to it from a previous agreed upon version (See Attachment 3 EXHIBIT A – page 31). They then attached it to the fraudulent version (Attachment 3 EXHIBIT B – page 31) when she was unavailable. Mr. Goldberg then signed the exhibit list and filed it with the court. This was done without the knowledge, permission or authorization of Ms. Garofalo or anyone else in her office. (Attachment 3 Declaration of Ellyn S. Garofalo page 2, paragraphs 6-9).

A comparison between the doctored document and the original agreed upon version indicates that one document was added (EXHIBIT B, page 5 - Ex. #131 – "Dr. Reading Documents") and three documents were deleted (EXHIBIT B, page 30 – Exs. #647, 648 and 649).

Ms. Leal and Ms. Mochkatel were two other attorneys listed on the pleading as well as Gloria Allred who is a partner of the law firm

In addition to the above referenced misconduct, the attorneys for plaintiff sought to exclude documents that were previously produced to plaintiff's attorneys by indicating falsely to the court that they were not disclosed or produced in discovery. Based upon the fact that the documents were Bates stamped, these items were in fact <u>provided</u> to plaintiff's attorneys during discovery (Attachment 3 Declaration of Ellyn S. Garofalo page 1, paragraphs 2 -3).

During closing argument, Mr. Goldberg indicated on several occasions that Mr. David did not call witnesses on his behalf. He also suggested that if he were not culpable, witnesses would have testified for him. (See Attachment 10 – page 83, lines 27-28, page 84, lines 1-4; page 146, lines 20-27; page 147, lines 1-4 and page 148, lines 17-25). This was done even though the judge had previously ruled outside the jury's presence that Mr. David would not be able to call any witnesses (including himself) on his behalf.(See Attachments 3 through 9 – Motions in Limine by plaintiff, response by defendants and court rulings) This created a false and unfair impression to the jury.

By filing a doctored document purporting to be a joint exhibit list, making a false statement to the court regarding the status of discovery in order to gain an unfair advantage in litigation and creating a false impression to the jury, attorneys

Gloria Allred, Nathan Goldberg, Dolores Y. Leal and Renee Mochkatel breached their ethical responsibility under Rule of Professional Conduct, rule 3.3 Candor Toward the Tribunal; rule 3.4 Fairness to Opposing Party and Counsel; rule 5.1 Responsibilities of Managerial and Supervisory Lawyers; rule 8.4 Misconduct; and Business and Professions Code section 6106 Moral Turpitude

Mr. David is ready, willing and able to supplement this complaint with any further information required and Ms. Garofalo has also indicated her willingness to clarify any questions that might arise during the investigation of this matter.

Please do not hesitate to contact me regarding this complaint. I thank you in advance for your attention to this matter.

Respectfully submitted,
Murray B. Greenberg, Esq. on behalf of Alkiviades David

ALKIVIADES DAVID ELLYN S. GAROFALO C/O VENABLE LLP  23768 MALIBU ROAD 2049 CENTURY PARK EAST, SUITE 2300 MALIBU, CA 90265 LOS ANGELES, CA 90067 (310) 703-7575 ESGAROFALO@VENABLE.COM (310) 229-9900

**ATTACHMENTS**

Attachment 1 – State Bar Complaint Form

Attachment 2 – Mr. David's authorization for Murray Greenberg to act on his behalf in filing this complaint.

Attachment 3 – Defendant's Response to Mahim Khan's Notice of Evidence Subject to Court's Grant of Plaintiff's Motion In Limine to Exclude Third Party Witnesses and Documents Not Disclosed or Produced in Discovery. Declaration of Ellyn S. Garofalo. Joint Exhibit List (EXHIBIT A) and (EXHIBIT B)

Attachment 4 – Plaintiff's Motion In Limine No. 1 to Preclude Alkiviades David from Testifying in the Defense Case; Memorandum of Points and Authorities;

Declaration of Dolores L. Leal

Attachment 5 – Plaintiff's Motion in Limine No. 2 To Exclude Any Third Party Witnesses Not Disclosed In Discovery and Documents Not Previously Produced by Defendants

Attachment 6 – Plantiff's Mahim Khan Notice of Evidence Subject to Court's Grant of Plaintiff's Motion In Limine #2 to Exclude Third Party Witnesses Not Disclosed or Produced in Discovery; Declaration of Dolores Y. Leal

Attachment 7 – Proposed Order Re: Exclusion of Evidence Based on Plaintiff Mahim Khan's Motion in Limine #2 to Exclude Third Party Witnesses and Documents Not Disclosed or Produced in Discovery

Attachment 8 – Trial Transcript dated October 28, 2019 (Motions in Limine arguments and ruling)

Attachment 9 – Minute Order dated October 28, 2019

Attachment 10 – Trial Transcript dated November 25, 2019 (Jury Instructions and Final Argument)

**RULES OF PROFESSIONAL CONDUCT AND BUSINESS AND PROFESSIONS CODE SECTION**

**Rule 3.3 Candor Toward the Tribunal**

 (a) A lawyer shall not:

(1) knowingly* make a false statement of fact or law to a tribunal* or fail to correct a false statement of material fact or law previously made to the tribunal* by the lawyer;

(2) fail to disclose to the tribunal* legal authority in the controlling jurisdiction known* to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel, or knowingly* misquote to a tribunal* the language of a book, statute, decision or other authority; or

(3) offer evidence that the lawyer knows* to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence, and the lawyer comes to know* of its falsity, the lawyer shall take reasonable* remedial measures, including, if necessary, disclosure to the tribunal,* unless disclosure is

prohibited by Business and Professions Code section 6068, subdivision (e) and rule 1.6. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes* is false.

(b) A lawyer who represents a client in a proceeding before a tribunal* and who knows* that a person* intends to engage, is engaging or has engaged in criminal or fraudulent* conduct related to the proceeding shall take reasonable* remedial measures to the extent permitted by Business and Professions Code section 6068, subdivision (e) and rule 1.6.

(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding.

(d) In an ex parte proceeding where notice to the opposing party in the proceeding is not required or given and the opposing party is not present, a lawyer shall inform the tribunal* of all material facts known* to the lawyer that will enable the tribunal* to make an informed decision, whether or not the facts are adverse to the position of the client.

**Rule 3.4 Fairness to Opposing Party and Counsel**

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence, including a witness, or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person* to do any such act;

(b) suppress any evidence that the lawyer or the lawyer's client has a legal obligation to reveal or to produce;

(c) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(d) directly or indirectly pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of the witness's testimony or the outcome of the case. Except where prohibited by law, a lawyer may advance, guarantee, or acquiesce in the payment of:

(1) expenses reasonably* incurred by a witness in attending or testifying;

(2) reasonable* compensation to a witness for loss of time in attending or

testifying; or

(3) a reasonable* fee for the professional services of an expert witness;

(e) advise or directly or indirectly cause a person* to secrete himself or herself or to leave the jurisdiction of a tribunal* for the purpose of making that person* unavailable as a witness therein;

(f) knowingly* disobey an obligation under the rules of a tribunal* except for an open refusal based on an assertion that no valid obligation exists; or

(g) in trial, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the guilt or innocence of an accused.

**Rule 5.1 Responsibilities of Managerial and Supervisory Lawyers**

(a) A lawyer who individually or together with other lawyers possesses managerial authority in a law firm,* shall make reasonable* efforts to ensure that the firm* has in effect measures giving reasonable* assurance that all lawyers in the firm* comply with these rules and the State Bar Act.

(b) A lawyer having direct supervisory authority over another lawyer, whether or not a member or employee of the same law firm,* shall make reasonable* efforts to ensure that the other lawyer complies with these rules and the State Bar Act.

(c) A lawyer shall be responsible for another lawyer's violation of these rules and the State Bar Act if:

(1) the lawyer orders or, with knowledge of the relevant facts and of the specific conduct, ratifies the conduct involved; or (2) the lawyer, individually or together with other lawyers, possesses managerial authority in the law firm* in which the other lawyer practices, or has direct supervisory authority over the other lawyer, whether or not a member or employee of the same law firm,* and knows* of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable* remedial action.

**Rule 8.4 Misconduct**

It is professional misconduct for a lawyer to:

(a) violate these rules or the State Bar Act, knowingly* assist, solicit, or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud,* deceit, or reckless or intentional misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official, or to achieve results by means that violate these rules, the State Bar Act, or other law; or

(f) knowingly* assist, solicit, or induce a judge or judicial officer in conduct that is a violation of an applicable code of judicial ethics or code of judicial conduct, or other law. For purposes of this rule, "judge" and "judicial officer" have the same meaning as in rule 3.5(c).

**California Business and Professions Code section 6106**
**Moral Turpitude, Dishonesty or Corruption Irrespective of Criminal Conviction**

The commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension.

If the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to disbarment or suspension from practice therefor.

*See* Exhibit I (State Bar Complaints and Plaintiff David's Email Colloquy with Leah Wilson, Executive Director of the State Bar of California).