Recommended letter
Ministère public du canton de Genève
Monsieur
Olivier JORNOT
Procureur général
Case postale 3565
1211 Genève 3

Gstaad, December 16th 2021

Concerning :   Criminal complaint of Alkiviades DAVID against Lauren REEVES ; American judicial system; information concerning punitive damages; Criminal complaint in original version

Dear Attorney General,

You know that I represent the interests of Mr Alkiviades DAVID.

This letter is in response to the criminal complaint filed by my principal against Mrs. Lauren REEVES on November 19th, 2021 (hereinafter "the Complaint").

In order to better circumscribe the context of the facts presented in the Complaint, my client wishes to highlight a few particularities inherent in the functioning of the American judicial system.

First of all, it is common in the United States for a party to claim damages, especially punitive damages.

In this context and by way of introduction, it appears that the American lawyers of Mrs. Lauren REEVES are specialised in building up cases with a view to obtaining damages in favour of their clientele, in particular in civil, labour law and sexual harassment cases (**cf. all. n° 29 and 30 of the Complaint**) (**cf. exhibits n° 10 to 12 of the Complaint**).

Indeed, according to the GLOBAL ARBITRATION REVIEW (**cf. article n° 1, page no. 4**), punitive damages - prohibited by Swiss public policy - are widely available and may be awarded in commercial and contractual cases (« *Under US law, punitive damages are widely available and may be awarded in commercial and contractual cases.* »).

It is noted in this respect that, as illustrated in the Complaint (**cf. incl. all. n° 31 to 42 of the Complaint**), it is not a judge who decides on the award of compensation, including punitive damages, but a popular jury. In other words, the judge does not decide on the law, so that the award of

1

punitive damages, which frequently reach unreasonable sums as will be shown below, depends solely on the permeability of the jury, which is made up of citizens chosen by lot, i.e. without any legal training whatsoever, and which can be easily manipulated, particularly by an attorney who is well versed in oratory.

The Supreme Court has repeatedly struck down excessive punitive damages awards as arbitrary deprivations of property without due process of law (**cf. article n° 2, page n° 1, article published in FORBES on 8 April 2021**).

The problems with the US Supreme Court's requirement of due process in lower courts, including their lack of fairness and consistency, have increased in recent years. Indeed, lower courts have been reluctant to comply with the US Supreme Court's jurisprudence on punitive damages, as they have continued to award excessive punitive damages (« ... *Since then, the due process defects identified by the Court - such as lack of fairness, a lack of consistency, and cumulative punishment - have only increased in severity. These changes are fueled by an increase in the size of mass tort actions, coupled with many courts' reluctance to rein in constitutionally excessive punitive damages awards. Indeed, many circuit and state courts have all but ignored the Court's admonition that, when the compensatory damages award is "substantial", the punitive damages award should be no greater* ») (**cf. article n° 2, page n° 2**).

From the above, it is clear that punitive damages are relatively easy to obtain in the United States. There is a twofold aspect to this : the ease with which the American legal system makes it possible to obtain damages, especially punitive damages, has the perverse effect of encouraging individuals to take legal action, or even to construct a legal action from scratch, thanks in particular to the help of law firms that specialise in obtaining damages for their clients.

With regard to the collaboration of several attorneys in the establishment of this pernicious judicial system, we note that contrary to the regime prevailing in Switzerland (art. 12 let. e LLCA), the *pactum de quota litis* is authorised in the United States, so that it is perfectly possible, as it is often the case, for an attorney to agree not to receive a retainer or fees but to be remunerated solely on the basis of the outcome of the proceedings, receiving a percentage which in principle varies between 30 and 40% in the event of success (**cf. article n° 3, page n° 2**), which is obviously also an incentive for attorneys, who, so to speak, "participate in this system".

The above argument is all the more true with regard to the State of California, i.e. the State in which the American judgment was rendered and on which Mrs Lauren REEVES based her application for sequestration dated 14 October 2021 (**cf. exhibits n° 8 and n° 9 of the Complaint**).

In addition to excessive punitive damages awards being an issue in California, according to MG+M (**cf. article n° 4, page n° 3**) (« *In addition to excessive punitive damages awards being an issue in California, ...* »). Moreover, a continuing issue across the country is multiple lawsuits seeking punitive damages for the same tortious conduct (« *..., a continuing issue across the country is multiple lawsuits seeking punitive damages for the same tortious conduct.* »,), which demonstrates that there is an unhealthy, and legally dubious, tendency to chase punitive damages in the United States.

MG + M (cf. article n° 4, page no. 1) also notes that punitive damages have a punitive function for the conduct of the perpetrator on the one hand and a deterrent function for the perpetrator in the future on the other. Nevertheless, the award of punitive damages sometimes exceeds these two objectives and constitutes a violation of the 14th Amendment of the US Constitution and its Fair Trial Clause which prohibits grossly excessive or arbitrary punishment (« *Punitive damages are meant to serve two purposes: punish the defendant for the conduct at issue in the lawsuit and deter similar conduct in the future. But, sometimes a punitive damages award goes beyond serving these two purposes and moves into the territory of violating the Due Process Clause of 14th Amendment to the United States Constitution. The 14th Amendment, through the Due Process Clause, prohibits the imposition of grossly excessive or arbitrary punishments* »).

In addition, and still with regard to the State of California, it has legislated on the subject of punitive damages by requiring clear and convincing evidence without, however, specifying the notion (« *Punitive damages are allowed in California … which states "In an action for the breach of an obligation …. is proven by clear and convincing evidence …" … Although California does not define "clear and convincing evidence"…* ») (cf. article n° 4 , page n° 1), which, along with the other factors mentioned above, contributes to the numerous abuses observed in this State in the award of such punitive damages.

In view of the above, the American judicial system, and especially California's, is a gigantic theatre where individuals can be awarded absolutely unreasonable compensation by a popular jury in proceedings where legal and judicial requirements, particularly those relating to a fair trial, are sometimes sacrificed on the altar of the plaintiffs' greed.

We note that the #MeToo movement is unfortunately not helping this trend. Indeed, while it is true that this movement allows victims to speak out and to shed light on acts of harassment that have actually been committed, which is a happy outcome, we must also acknowledge that it is unfortunately a source of inspiration, a springboard, for some unscrupulous women to falsely claim to be victims of harassment in order to obtain a sum that will exempt them from working for the rest of their lives.

In this context, it must be said that the media coverage that some of them receive, by attacking well-known personalities, only serves to unduly strengthen their claims, through public opinion which is almost always sympathetic to their cause without having had any access to the elements of the case, in particular to possible evidence.

Finally, the original version of the criminal complaint, signed by my client, is attached.

Thanking you in advance for the action you will take on this matter, I would like to assure you, Mr Prosecutor General, of my respectful consideration.

Exct Béatrice STAHEL

Arthur SEPPEY

*Attached : ment.*