RONDA BALDWIN-KENNEDY, ESQ.
LAW OFFICES OF RONDA BALDWIN-KENNEDY
5627 Kanan Rd., Suite 614
Agoura Hills, CA 91301
Telephone: (951)268-8977
Facsimile: (702)974-0147

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alkiviades David, an individual; FilmOn TV Ltd., a Foreign Corporation; FilmOn TV Inc., a Corporation; Alki David Productions Inc., a Corporation.<br><br>Plaintiff,<br><br>v.<br><br>Gloria Allred, Esq., an individual; Nathan Goldberg, Esq., an individual; Renee Mochkatel Esq., an individual; Leah Wilson, an individual; Dolores Y. Leal Esq., an individual; Gavin Newsom, an individual; Allred, Maroko & Goldberg, a Partnership; The State Bar of California, a public corporation; Roes 1 -15; and Does 1-50.<br><br>Defendants | Case No. 2:2022cv05926<br><br>**COMPLAINT**<br><br>1. AMENDED COMPLAINT DUE PROCESS VIOLATIONS |

### **INTRODUCTION**

1. The entire regulatory system for licensed attorneys is administered by the California State Bar. Within the State Bar, the Chief Trial Counsel is required to investigate reports of Attorney misconduct. When the State Bar determines that an attorney has violated the Business and Professional Code the Attorney is referred for prosecution.

2. The State Bar has a legal responsibility to investigate complaints submitted to the State Bar and protect the public from Attorneys who violate the business and professional code. For years the State Bar ignored complaints made against certain Attorneys and overwhelmingly disciplined Attorneys of color and particularly women of color.

3. If you were not in the "Club" you were investigated and prosecuted. However, attorneys such as Thomas Girardi, Gloria Allred, Nathan Goldberg, Dolores Y. Leal and Renee Mochkatel were amongst the Attorneys for whom the State Bar ignored complaints filed against them. The State Bar's failure to investigate complaints has deprived the public of protection from predatory Attorneys, such as Thomas Girardi.

## JURISDICTION AND VENUE

4. Because this action is brought pursuant to 42 U.S.C. § 1983, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(3) and 28 U.S.C. § 1332.

5. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b), because a substantial portion of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff Alkiviades David (Plaintiff David) is a natural person, a resident of California and a citizen of the United Kingdom.

7. Plaintiff FilmOn TV Ltd. is a United Kingdom company doing business in the United States and internationally.

8. Plaintiff FilmOn TV Inc., is a Delaware corporation, doing business internationally.

9. Plaintiff Alki David Productions Inc. is a Delaware corporation doing business internationally.

10. Defendant Gloria Allred is a natural person and a resident of the State of California. Defendant Allred is a partner in Allred, Maroko & Goldberg.

11. Defendant Nathan Goldberg is a natural person and a resident of the State of California. Defendant Goldberg is a partner in Allred, Maroko & Goldberg.

12. Defendant Dolores Y. Leal is a natural person and a resident of the State of California. Defendant Leal is a partner in Allred, Maroko & Goldberg.

13. Defendant Renee Mochkatel is a natural person and a resident of the State of California. Defendant Mochkatel is a partner in Allred, Maroko & Goldberg.

14. Defendant Allred, Maroko & Goldberg, is a California Law Firm by Partnership.

15. Defendant State Bar of California is a California Public Corporation.

16. Defendant Leah Wilson is a natural person, a resident and a citizen of California. Defendant Wilson is the Executive Director of the California State Bar and is sued in her official capacity. She is responsible for properly and efficiently investigating all complaints made against attorneys. The executive director is appointed by the Board of Directors for the State Bar of California. Said defendant is being sued in her official capacity.

17. Defendant Gavin Newsom is a natural person, a resident of the State of California. Defendant Newsom is the Governor of the State of California who appoints four of the six members of the Board of Directors of the State Bar of California. Said defendant is being sued in his official capacity.

**FACTS COMMON TO ALL CAUSES OF ACTION**

18. The State Bar of California (hereinafter referred to as "State Bar") is a Public Corporation and is the administrative arm of the California Supreme Court regarding the discipline and membership of attorneys who are admitted and licensed to practice law in California.

19. The State Bar is governed by its Board of Trustees, whose directives regarding the licensing of attorneys, the regulation of the profession and practice of law in California, the enforcement of the California Rules of Professional Conduct for attorneys, and the discipline of attorneys who violate rules and laws, are carried out under the Office of the Executive Director and Chief Executive Officer.

20. On December 07, 2016, Lauren Reeves, represented by Defendant Attorney Gloria Allred, Defendant Attorney Joseph L Chairez, and Defendant Attorney Oren Warshavsky, sued Plaintiff David, Hologram USA, Plaintiff FilmOn TV, and Plaintiff Alki David Productions, LASC Case No. BC643099 for sexual battery and sexual harassment. Defendant Attorney Allred's partners, Defendant Nathan Goldberg and Defendant Dolores Y. Leal of Attorney Allred's firm, Defendant Allred, Maroko & Goldberg, represented Reeves, who worked as a comedy writer for Plaintiff FilmOn TV.

21. On April 15, 2020, a Judgment for Plaintiff Lauren Reeves was entered against the corporate defendants' Hologram USA, Inc., Alki David Productions, Inc., and FilmOn TV in the amount of $650,000 for compensatory damages. A punitive damages award in the amount of $4.35 million was entered against Defendant Alkiviades David. Lauren Reeves v. Hologram USA, Inc., Alki David productions, Inc., FilmOn, TV., Civ. No. BC643099, Superior Court of Los Angeles County.

22. Reeves later agreed to a reduction in her compensatory award in the amount of $445,000 because Los Angeles Superior Court Judge Rafael Ongkeko found the amount of out-of-pocket damages awarded to Reeves was excessive.

23. Defendant Alki David had *four times* sought to have the State Bar of California address his legitimate claims concerning the egregious and unethical conduct of Defendant Allred and her partners. Plaintiff David's correspondence with Defendant Leah Wilson, the Executive Director of The State Bar of California and the three prior complaints that Plaintiff David sent to the State Bar of California never lead to an investigation into the unethical conduct of Defendant Allred.

24. On April 29, 2020, Attorney Murray B. Greenberg, Esq. wrote the State Bar of California regarding Plaintiff David's submitted complaints to the California State Bar. Attorney Greenberg wrote on behalf of Plaintiff Alkiviades ("Alki") David against attorneys Gloria Allred, Nathan Goldberg, Dolores Y. Leal and Renee Mochkatel based on their professional misconduct in the case held before Judge Michelle Williams Court in Los Angeles Superior Court, Central District Case No. BC654017 entitled MAHIM KHAN, Plaintiff v. HOLOGRAM USA, Inc; ALKI DAVID PRODUCTIONS, INC.; FILMON TV, INC.; ALKIVIADES ("ALKI") DAVID, an individual; and DOES 1 through 25, Defendants. *See* Exhibit 3 attached hereto and by this reference made a part hereof.

25. On June 19, 2022, Plaintiff David sent Defendant Leah Wilson, the Executive Director of The State Bar of California, an email concerning the State Bar's *entire failure* to address the merits of any of his three prior complaints. He did so after it was revealed that the State Bar had failed to investigate attorney misconduct. *See* Exhibit 1 attached hereto and by this reference made a part hereof.

26. Defendant Ms. Wilson, who apparently had not even read the attachments sent to her, by David consisting of the three prior bar complaints filed by David, responded on June 25, 2022,

asking "have you considered filing a complaint against Ms. Allred or Ms. Bloom?" *See* Exhibit 2 attached hereto and by this reference made a part hereof.

27. the State Bar has failed to investigate many complaints. The press has widely reported that The State Bar of California has failed to effectively discipline corrupt attorneys, allowing lawyers to repeatedly violate professional standards and harm members of the public, according to a long-awaited audit of the agency (see footnote).[1]

28. Recently, it has been revealed that Tom Girardi was involved with securing Judges to rule for a particular party in many cases. Tom Girardi was the "Fixer" of cases for a certain network of attorneys. On information and belief Defendant Gloria Allred is one of these attorneys for whom Tom Girardi fixed several cases including the Defendants' case in this action.

29. This corruption was recently discovered and has been in the U.S. and global news as many articles are laying out the vast corruption. The matter is still being investigated and every day there is more corruption exposed (see footnote).[2]

30. Defendant David and his Attorney at the time of being sued by Ms. Reeves complained to the court and the state bar about the unethical and criminal behavior of Defendant Allred and her partners. Specifically, as set forth in the ignored State Bar Complaint, Defendant Allred, Defendant Nathan Goldberg and their law firm partners in Reeves, and in inter-related cases, including Mahim Khan v. Hologram USA, Inc., Alki David Productions, Inc., FilmOn TV, Inc., Alkiviades David, Case No. BC 654017, switched exhibit and witness lists in those trials, and forged the signature of Ellyn Garofolo, at that time counsel for Plaintiffs David, Alike David Productions, Inc, and FilmOn TV, Inc.

---

[1] *https://www.latimes.com/california/story/2022-04-14/california-state-bar-failed-stop-corrupt-attorneys-tom-girardi-audit. See also,*

https://www.courthousenews.com/ex-california-state-bar-director-joe-dunn-facing-

[2] https://www.reuters.com/legal/legalindustry/california-bar-wants-get-proactive-attorney-discipline-cases-2022-07-25; *See also,*

https://www.reuters.com/legal/legalindustry/california-bar-bungled-attorney-misconduct-cases-new-audit-finds-2022-04-14.

31. This was a highly contentious lawsuit which involved allegations of battery and harassment against the defendant, Mr. David. The above-named Defendant's attorneys used dishonest means and violated their ethical responsibilities during the trial which hampered Mr. David's ability to properly mount a defence, a right to which he is constitutionally entitled.

32. The most egregious ethical breach involved the manipulation of a joint exhibit list by Mahim Khan's attorneys which caused a materially altered list to be filed with the court. As if this action was not serious enough, the plaintiff's attorneys also removed the signature page with the defendant's attorney's (Ellyn S. Garofalo) signature affixed to it from a previously agreed upon version. They then attached it to the fraudulent version when attorney Garofalo was unavailable. Mr. Goldberg then signed the exhibit list and filed it with the court. This was done without the knowledge, permission or authorization of Ms. Garofalo or anyone else in her office.

33. A comparison between the doctored document and the original agreed-upon version indicates that one document was added, and three documents were deleted. Defendants Leal and Mochkatel were two other attorneys listed on the pleading as well as Gloria Allred who is a partner of the law firm.

34. In addition to the above-referenced misconduct, the attorneys for Khan sought to exclude documents that were previously produced to her attorneys by indicating falsely to the court that they were not disclosed or produced in discovery. Based upon the fact that the documents were date stamped, these items were in fact provided to plaintiff's attorneys during discovery.

35. During closing argument, Mr. Goldberg indicated on several occasions that Mr. David did not call witnesses on his behalf. He also suggested that if he were not culpable, witnesses would have testified for him. This was done even though the judge had previously ruled outside the jury's presence that Mr. David would not be able to call any witnesses (including himself) on his behalf. This created a false and unfair impression to the jury and was in violation of Plaintiff David's constitutional rights.

36. Plaintiff David and the Entity Plaintiffs asserted that the Attorney Defendants Allred, Maroko & Goldberg and Defendant partners named above had colluded, conspired and contrived, with their clients, to fabricate fallacious claims against Alki David and his companies.

37. Plaintiff David had asserted Defendant Allred and above named Defendants in her firm exceeded all respectable boundaries of advocacy, and violated The Code of Ethics by which all attorneys must adhere. Further, she has exceeded the boundaries of the United States as well, maligning Defendant Alki's character and reputation in Switzerland.

**COUNT I: SUBSTANTIVE DUE PROCESS UNDER THE U.S. CONSTITUTION**

38. Each of the forgoing allegations is incorporated as if fully set forth herein.

39. State officials assume affirmative duties under the Fourteenth Amendment to the United States Constitution to protect from harm all those who have been harmed by licensed California Attorneys.

40. Plaintiffs respectfully submit that those court proceedings were conducted contrary to the fundamental principles of due process and fairness to which every Defendant is entitled.

41. The State Bar of California Failed to Investigate when it had a duty to investigate the charges brought by Plaintiff and Plaintiff's then-attorney.

42. By filing a doctored document purporting to be a joint exhibit list, making a false statement to the court regarding the status of discovery in order to gain an unfair advantage in litigation and creating a false impression to the jury, Defendants Gloria Allred, Nathan Goldberg, Dolores Y. Leal and Renee Mochkatel breached their ethical responsibilities under Rule of Professional Conduct, rule 3.3 Candor Toward the Tribunal; rule 3.4 Fairness to Opposing Party and Counsel; rule 5.1 Responsibilities of Managerial and Supervisory Lawyers; rule 8.4 Misconduct; and Business and Professions Code section 6106 Moral Turpitude.

43. Plaintiffs were denied their constitutional rights of due process. The violation of these rights are enforceable through the United States Federal Court system. Specifically, as set forth in the ignored State Bar Complaint, Attorney Allred, Attorney Nathan Goldberg and their law firm partners in Reeves, and in inter-related cases, including, but not limited to Mahim Khan v. Hologram USA, Inc., Alki David Productions, Inc., FilmOn TV, Inc., Alkiviades David, Case No. BC 654017, switched exhibit and witness lists in those trials and forged the signature of Ellyn Garofolo, counsel for Plaintiffs.

44. To clarify for the Court, Plaintiffs characterize those cases as "inter-related" because Plaintiff David, like many successful men, has been the victim of fallacious "me too" complaints asserted by

his company's former employees. Those plaintiffs who sued Plaintiff David and the Entity Plaintiffs colluded, conspired and contrived, with the guidance of their legal counsel, to fabricate fallacious claims against Alki David and his companies.

45. Plaintiffs have been prejudiced by the State Bar of California's systematic negligence in addressing his complaints regarding unethical and unlawful conduct by Defendants Allred, Nathan Goldberg and members of their law firm. Plaintiff has been denied his substantive due process granted to him by law for allowing his complaints to go unanswered.

## COUNT II: VIOLATION FIRST, NINTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

46. Each of the forgoing allegations is incorporated as if fully set forth herein.

47. The right of the Constitution's First Amendment's right of association, the Ninth Amendment's reservation of rights to the people, and the Fourteenth Amendment's substantive due process protections.

48. The foregoing and following actions and inactions of Defendants Wilson and Newsome in their official capacities, constitute a policy or practice that is such a substantial departure from accepted professional judgment, practice, and standards as to demonstrate that Defendants did not base their conduct on such a judgment and/or shock the conscience by constituting deliberate indifference to the constitutionally protected rights of all Plaintiffs in the following respects:

49. The Defendants' violation of Plaintiff David's constitutional rights are not confined to the United States. Indeed, Attorney Allred and her client, Lauren Reeves, participated in their Swiss Attorneys' illegal efforts to enforce a judgment against Plaintiff David for punitive damages which are not collectible in Switzerland. Defendant Reeves participated in the Swiss Attorney Defendants' illegal efforts to enforce a punitive damages award, knowing through her Swiss Attorneys that punitive damages are not collectible in Switzerland.

50. Throughout the entire, years-long campaign to obliterate Plaintiff David's reputation and bankrupt him and the Plaintiff Entities, Defendant Allred exceeded all respectable boundaries of advocacy and she exceeded the boundaries of the United States as well, maligning Defendant Alki's character and reputation in the United States and Switzerland.

51. In Switzerland, Defendant Allred wrongfully sought to enforce a non-final judgment against Plaintiff David and his family, none of whom were parties to any relevant litigation filed by Defendant Attorneys, in Mahim Kahn v. Alki David, et. al, in violation of Swiss law.

52. Béatrice Stahel, of MC Avocats SA (Ltd.) in Gstaad, Switzerland, represents Plaintiff David in Switzerland with regard to these matters. Plaintiff David has filed criminal complaints in Switzerland against Reeves, alleging Reeves is guilty of willful defamation (art. 174 SCC) / defamation (art. 173 SCC). Reeves is represented by Attorney Defendant Allred. Stahel informs in an English-translated letter that Allred has violated Swiss law. *See* Exhibit 4 attached hereto and by this reference made a part hereof.

In Switzerland, Defendant Allred also wrongfully sought to enforce a non-final judgment against Plaintiff David and his family, none of whom were parties to any relevant litigation filed by Defendant Attorneys, in Mahim Kahn v. Alki David, et. al, in violation of Swiss law.5

At the time that Attorney Defendant Allred violated Swiss law and national policy, Defendant David's and the named Entity Defendants' appeal was pending before the California Court of Appeal of the State of California District Division Two, Mahim Khan v. Alkiviades David, B305849, B3088727. *See* Exhibit 2 attached hereto and by this reference made a part hereof.

Defendant Allred's illegal actions in Switzerland have caused, and continue to cause, Plaintiff David's extreme expense and have, and continue to cause, further damage to Plaintiff David's reputation as such filings are public record in Switzerland. Plaintiff David has gone to great expense to hire legal counsel to fight the criminal enterprise conducted by Defendant Allred's continuous, wrongful spurious actions and defamatory actions.

Defendant Allred's corrupt, willful and intentional actions, constituting criminal acts under relevant Swiss law, were committed under the auspices of an otherwise legitimate enterprise, Allred, Maroko & Goldberg.

As a result of the Attorney Defendants' conduct and Defendant Firm, all Plaintiff s have been and are at further risk of being harmed and deprived of the liberty interests, privacy interests, and associational rights not to be deprived by Plaintiffs or Plaintiff's family relationship, as conferred on them by the First, Ninth, and Fourteenth Amendments to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. Assert jurisdiction over this action;

2. For damages caused by the State Bar's inaction on plaintiff's complaints against Defendant Allred.

3. Damages from Defendant Wilson for not investigating the multiple complaints sent to her from Plaintiff's Attorney at the time, that allowed Defendant Allred to extort Plaintiff.

4. For damages caused by Gavin Newsom for appointing four of the State Bar's Board and not holding them accountable for not investigating valid claims.

5. Declare unconstitutional and unlawful pursuant to Rule 57 of the Federal Rules of Civil Procedure Defendants' violation of Plaintiff's substantive right to be free from harm under the due process clause of the Fourteenth Amendment to the United States Constitution, and Defendants' violation of Plaintiff rights under the First, Ninth and Fourteenth Amendments to the United States Constitution.

6. Award to Plaintiff the reasonable costs and expenses incurred in the prosecution of this action, including reasonable attorneys' fees, pursuant to 28 U.S.C. § 1920, 42 U.S.C. § 1988, and Federal Rules of Civil Procedure 23(e) and (h); and

7. For such other and further relief as this Court may deem fair, just, equitable and proper.

Law Offices of Ronda Baldwin-Kennedy

Dated: 11/1/2022

/s/Ronda Baldwin-Kennedy
Ronda Baldwin Kennedy
Attorney for Plaintiff